UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

SYLVIA BENITO,

     Plaintiff,

         v.

EDWARD J. LAKE and LAW OFFICE OF EDWARD
J. LAKE d/b/a THE LAKE LAW FIRM,

     Defendants.

Case No.

**NOTICE OF REMOVAL**

Plaintiff Sylvia Benito hereby removes the action styled: *Benito v. Lake, et al.*, No. 628021/2025 (N.Y. Sup. Ct., Suffolk Cnty. 2025), pending in the Supreme Court of New York for Suffolk County (the "State Court Action") to the United States Bankruptcy Court for the Eastern District of New York pursuant to 28 U.S.C. § 1452, and in support of removal, alleges as follows:

## I.    BACKGROUND

1.    Plaintiff Sylvia Benito commenced the State Court Action on October 20, 2025.

2.    On November 26, 2025, four creditors filed an involuntary petition against Defendant Law Office of Edward J. Lake d/b/a The Lake Law Firm in the United States Bankruptcy Court for the Eastern District of New York pursuant to 11 U.S.C. § 303 (the "Bankruptcy Case"). The action is styled: *In re Law Offices of Edward J. Lake, P.C. d/b/a The Lake Law Firm*, No. 8-25-74584 (Bankr. E.D.N.Y.).

## II.    THIS CASE IS REMOVABLE IN ITS ENTIRETY UNDER 28 U.S.C. § 1452

3.    Under 28 U.S.C. § 1452, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district

court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]."

4.      In turn, 28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]."

5.      With respect to "related to" jurisdiction set out in 28 U.S.C. § 1334(b), the Second Circuit has stated that: "a civil proceeding is related to a title 11 case if the action's outcome might have any conceivable effect on the bankrupt estate." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 339 (2d Cir. 2018) (citation omitted).

6.      Here, the State Court Action involves Defendants' misconduct managing over $15 million in investments in mass tort cases and defrauding Benito into personal investments in Employee Retention Tax Credit claims.  These investments and related recoveries are part of the bankruptcy estate in the Bankruptcy Case.  Thus, the "outcome [of Benito's action] might have a[] conceivable effect on the bankrupt estate." *Id.*  As such, the State Court Action is "related to" the Bankruptcy Case under 28 U.S.C § 1334(b).

7.      Accordingly, this Court has jurisdiction over the State Court Action and Benito has properly removed it to this Court under 28 U.S.C. § 1452.

## III.    REQUIREMENTS OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027

8.      <u>Consent</u>.   Per Federal Rule of Bankruptcy Procedure ("Rule") 9027(a)(1)(B), Benito at this time does not consent to the bankruptcy court's entry of a final judgment or order.[1]

9.      <u>Venue Is Proper in This Court</u>.  Because the State Court Action is pending in Suffolk County, venue is proper in this Court under Rule 9027(a)(1). And under "28 U.S.C. § 157(a) . . .

---

[1]      Rule 9027 governs removals under 28 U.S.C. § 1452. *See, e.g., Covanta Onondaga Ltd. v. Onondaga Cnty. Resource Recovery Agency*, 318 F.3d 392, 394 (2d Cir. 2003).

all proceedings arising under Title 11, or arising in or related to a case under Title 11 . . . are referred to the Bankruptcy Judges[.]" Admin. Order No. 264 (E.D.N.Y. Aug 28, 1986).

10.    <u>Removal Is Timely</u>.  The State Court Action was pending when the chapter 7 Bankruptcy Case was commenced on November 26, 2025, and removal is timely under Rule 9027(a)(2) because the bankruptcy court has not yet entered an order for relief or an order terminating the Section 362 automatic stay.

11.    <u>Notice to Other Parties and State Court.</u>  Benito will promptly file a copy of this Notice of Removal with the Clerk of the Court where the State Court Action was pending and promptly serve a copy of this Notice of Removal on all parties in the State Court Action as required by Rule 9027(b).

12.    <u>Copies of Process and Pleadings</u>.  As required by Rule 9027(a)(1)(C), Benito has attached to this Notice of Removal a copy of all process and pleadings in the State Court Action as Exhibit A.

Dated: December 15, 2025          Respectfully submitted,


<u>/s/ Nafiz Cekirge</u>
William A. Brewer III
Nafiz Cekirge
**BREWER, ATTORNEYS & COUNSELORS**
750 Lexington Avenue, 14th Floor
New York, New York 10022
Tel: (212) 489-1400
wab@brewerattorneys.com
nnc@brewerattorneys.com

*Counsel for Plaintiff Sylvia Benito*