# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

|  |  |
|---|---|
| SYLVIA BENITO,<br><br>      Plaintiff,<br><br>   v.<br><br>EDWARD J. LAKE and LAW OFFICE OF EDWARD J. LAKE d/b/a THE LAKE LAW FIRM<br><br>      Defendants. | Index No.<br><br>**SUMMONS**<br>Plaintiff designates Suffolk County as the Place of Trial |

**TO THE ABOVE-NAMED DEFENDANTS:**

Edward J. Lake and Law Office of Edward J. Lake d/b/a The Lake Law Firm
270 West Main Street, Suite 3
Sayville, New York 11782

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear to answer, judgment will be taken against you by default for the relief demanded in the complaint.

The action will be heard in the Supreme Court of the State of New York in and for the County of Suffolk. This action is brought in the County of Suffolk because The Lake Law Firm is located in Suffolk County and many of the acts and omissions alleged in the Complaint occurred in Suffolk County.

Venue is proper based on CPLR 301, 302, 501, and 502.

Dated: October 20, 2025
New York, New York

Respectfully submitted,


*/s/ William A. Brewer III*
William A. Brewer III
**BREWER, ATTORNEYS & COUNSELORS**
750 Lexington Avenue, 14th Floor
New York, New York 10022
Tel: (212) 489-1400
wab@brewerattorneys.com

**COUNSEL FOR PLAINTIFF SYLVIA BENITO**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

|  |  |
|---|---|
| SYLVIA BENITO,<br><br>                     Plaintiff,<br><br>           v.<br><br>EDWARD J. LAKE and LAW OFFICE OF EDWARD<br>J. LAKE d/b/a THE LAKE LAW FIRM<br><br>                    Defendants. | Index No. |

## COMPLAINT

Plaintiff Sylvia Benito files this Complaint against Defendants Edward J. Lake ("Ed Lake") and the Law Office of Edward J. Lake, P.C. d/b/a The Lake Law Firm ("Lake Law") on personal knowledge as to herself and on information and belief as to all other facts as follows:

## I.
## PRELIMINARY STATEMENT

This case arises out of the failure of Lake Law and the numerous schemes orchestrated by its founder, Ed Lake. For many years, Ed Lake has aggressively marketed his law firm as a highly successful participant in the mass torts litigation finance space—touting Lake Law's unique offerings such as a medical records review and guarantee.

Around 2017, Benito, an experienced investor relations professional, became interested in mass torts litigation as an investment class. While pursuing that interest, she developed relationships with attorneys who presented themselves as possessing expertise in the field. Among those she came to know was Ed Lake, who held himself out as a trusted expert and industry leader. In due course, Benito, like many others, was induced by Ed Lake's representations about his firm's "unblemished" record of success to place confidence, and ultimately capital, in him and his firm.

In total, Benito recommended that investors entrust over $15 million to Lake Law in connection with the purchase of a docket of mass torts cases.  Unfortunately, neither Lake Law nor Ed Lake ever came close to delivering on their promises.  Instead, fully aware of Benito's strong desire to protect her investors, Defendants induced Benito to make personal loans to Lake Law as "rescue funding" under false pretenses—loans that Defendants never intended to repay.

Defendants' misconduct extended to defrauding Benito into making personal investments in Employee Retention Tax Credits ("ERC") claims, a federal tax-credit program under the CARES Act.[1]  Benito transmitted $1.5 million to Defendants to purchase ERC claims for her benefit. Rather than honoring their agreement, Ed Lake used the funds for his own benefit, later recharacterizing her investment as a "loan" to himself and appropriating for his own gain the opportunity that belonged to her.

Benito now seeks redress for Defendants' malfeasance, recovery of funds owed, and protection for others who might otherwise fall victim to similar conduct.

## II.
## JURISDICTION & VENUE

1.      The Court has general personal jurisdiction over Lake Law pursuant to CPLR 301 because Lake Law is incorporated in and has its principal place of business in Suffolk County, New York.

2.      The Court has long-arm jurisdiction pursuant to CPLR 302, consistent with federal

---

[1]      ERC was introduced under the CARES Act during the COVID-19 pandemic and is a refundable tax credit program for eligible employers who retained their employees during the pandemic.  Under Lake Law's ERC investment model, the investor is assigned a specific taxpayer who has an ERC tax refund claim.  The investor's money pays that taxpayer's legal fees and other costs associated with guiding the taxpayer through the refund application process.  Once the taxpayer obtains his refund, the investor gets a portion of it as a return on investment.  In this program, the investor does not fund litigation against the IRS.

2

constitutional requirements, over Ed Lake because he: (1) has and continues to transact business in New York; (2) has and continues to commit tortious acts in New York; and (3) owns, uses, or possesses real property situated in New York.

3.      Venue is proper in this Court under CPLR 501 and 502 because Lake Law is located in Suffolk County and many of the acts and omissions alleged in the Complaint occurred there.

### III.
### PARTIES

4.      Plaintiff Benito is a resident and citizen of Florida.

5.      Defendant Ed Lake is a New York licensed attorney who is the founder and sole owner of Lake Law.  Ed Lake currently resides in and is a citizen of Florida.

6.      Defendant Lake Law is a law firm duly organized and operating under the laws of the State of New York with its principal place of business at 270 West Main Street, Suite 3, Sayville, New York 11782.

7.      Ed Lake completely controls and dominates Lake Law, such that Lake Law is Ed Lake's alter ego, and does not have a meaningful separate existence from Ed Lake.

### IV.
### STATEMENT OF RELEVANT FACTS

8.      This lawsuit concerns Defendants' misconduct in connection with a mass torts litigation finance program involving Benito and investors she introduced to Defendants, and Benito's personal investment in ERC claims.

**A.      The Players: Benito, Melchionni, and Ed Lake**

**1.      Benito & Melchionni**

9.      Benito is an accomplished investment professional with over 20 years of experience in the financial industry, including roles at structured settlement companies, a hedge fund, and

Case 8-25-08123-las   Doc 1-1   Filed 12/15/25   Entered 12/15/25 14:46:11

family offices.  Benito is particularly gifted in the areas of business development, capital raises, and investor relations.  It is this expertise that led her to the field of mass torts litigation funding.

10.     In 2016, Benito joined Structures, a structured settlement company, where she developed investment opportunities with mass tort attorneys.  Shortly thereafter, Structures hired Melchionni, an attorney, for the same position.

11.     In 2017, Benito, seeking a more manageable travel schedule as a single mother, left Structures to join a multi-family office called GenSpring.  While there, Melchionni introduced Benito to mass torts litigation as an investable asset class that provided consistent returns at moderate risk.

12.     Although Benito did not immediately invest, she found the concept appealing both financially and as a way to assist victims of mass torts.

13.     By 2020, while working for another family office called ASK, Benito structured her first mass tort investment with Melchionni in connection with claims of sexual abuse against the Boy Scouts.  This investment turned out to be a "home run" for the investors and continues to yield returns.

14.     Benito and Melchionni's next investment was not as successful.  In that investment, Benito's friend invested $300,000, which Benito and Melchionni used to fund talcum powder personal injury cases. This investment highlighted one of the risks of mass tort litigation funding: case drop-off.  Specifically, when a litigation funder invests in a portfolio of mass torts litigation, the return on the investment is determined by the number of high-quality cases.  While some case attrition in every portfolio is normal, if too many cases "drop off" because they are not viable, then the investment will not be profitable.  Here, every talcum powder case in the portfolio was disqualified, so the investment went to zero.  Nevertheless, Benito and Melchionni, without any

4

Case 8:25-08123-las   Doc 1-1   Filed 12/15/25   Entered 12/15/25 14:46:11

obligation to do so, personally covered the investor's entire loss.

### 2.    Enter Ed Lake

15.    In 2020, Melchionni met Ed Lake at an industry conference.  Ed Lake touted himself as a leading attorney with almost 30 years' experience in personal injury and mass torts litigation.  He claimed that his law firm "solved" the "case drop-off problem" through a medical records review and guarantee.  That is, he claimed that any person that Lake Law signed up provided their medical records, so that the viability of his claim could quickly be assessed.  If a case dropped off, then Lake Law's could replace the case.

16.    He further claimed that, once a case was approved, he maximized recovery by acting as co-counsel with top trial firms.

### B.    Justice Partners And KS Law Group

17.    Ed Lake's representations induced Benito to work with Lake and his law firm as a potential investment source in mass tort litigation.

18.    In late 2020, Melchionni and Benito launched Justice Partners with the intent to offer investors a diversified portfolio of mass torts cases.  In the venture, Benito's role was to raise capital and handle investor relations while Melchionni, as the attorney, was responsible for managing the litigation docket.

19.    Eventually, Justice Partners raised $11.25 million for investment.  In addition, one of the Justice Partners investors made a $4 million "sidecar" investment in a venture called KS Law Group.

20.    Once the funds closed, on April 15, 2021, Melchionni and Benito sent the

5

investment funds, in amount of $6.125 million, to Defendants to obtain the following cases:[2]

| Quantity | Description | Unit Price | Total Price |
|----------|-------------|------------|-------------|
| 380 | Hernia Mesh | $5,000 | $1.9 million |
| 208 | Talc | $5,700 | $1.185 million |
| 150 | Round Up | $5,000 | $750K |
| 350 | 3M | $2,000 | $700K |
| 200 | Fire Foam | $5447 | $1.0894 million |
| 200 | Zantac | $2,500 | $500K |

21.     On or about October 20, 2021, Justice Partners sent Defendants another $5.125

million to purchase an additional 12% of any recovered attorney's fees as follows:

| Quantity | Description |
|----------|-------------|
| 1,606 | Hernia Mesh |
| 1,336 | Talc |
| 100 | Round Up |
| 850 | 3M |

---

[2]     The funds were transmitted to Defendants via a marketing firm owned and operated by Ed Lake called Persist Communications, Inc. ("Persist"), which Lake repeatedly claimed was his "engine room." According to Lake, the company ran the campaigns to locate and sign up the mass torts plaintiffs in whose cases the investors are investing.

6

22.     On September 1, 2021, KS Law sent $3.88 million to Defendants to obtain the following cases:

| Quantity | Description | Unit Price | Total Price |
|----------|-------------|------------|-------------|
| 220 | Hernia Mesh | $5,600 | $1.232 million |
| 200 | Talc | $6,000 | $1.2 million |
| 1155 | Round Up | $5,048.39 | $782.5K |
| 220 | 3M | $3.025 | $665K |

23.     In making the above-described investment decisions, Benito relied on Defendants' representation regarding the success of the fund, Ed Lake's representations regarding his firm's medical records review process and guarantees.

**C.      Benito Invests Her Own Money With Defendants**

24.     In addition to the Justice Partners and KS Law investments, on April 26, 2022, Benito invested $1.5 million of her own money with Lake Law to purchase ERC claims for her own account based on Ed Lake's representation that Lake Law had secured access to a pipeline of lucrative ERC claims.

25.     Unbeknownst to Benito, Ed Lake thereafter diverted those funds for his personal benefit rather than using them to acquire ERC claims for Benito, later recharacterizing her investment as a "loan" to himself.

26.     Benito was therefore deprived of the benefits of the investment, including ownership interests and potential profits as promised.

7

**D.**     **Trouble In Paradise**

27.     By summer 2022, the relationship among Benito, Melchionni, and Defendants began to deteriorate.  Lake Law had fallen far short of the promised case counts.  For Justice Partners, Lake Law was short 208 talc cases, 380 hernia mesh cases, 150 Roundup cases, 350 3M cases, and 200 firefighter foam cases.  For KS Law, the shortfall was 200 talc cases, 220 hernia mesh cases, 155 Roundup cases, and 220 3M cases.

28.     It also became apparent that Lake Law did not have sufficient "inventory" to cover Justice Partners' additional investment in 12% of attorney's fees. This, of course, was contrary to Ed Lake's specific representations.

29.     Relying on Ed Lake's medical records guarantee, Melchionni, acting on behalf of Justice Partners and KS Law, negotiated and entered into Case Replacement Agreements with Lake Law on December 1, 2022.  These agreements formalized Ed Lake's promises to substitute qualifying cases.  But by July 2023, Ed Lake repudiated these Agreements, proposing new terms that were materially adverse to investors and inconsistent with prior guarantees.

30.     Matters worsened when settlements began to materialize. After the resolution of 3M cases, Lake Law failed to distribute investor proceeds as required.

31.     By late 2023, Ed Lake began threatening to close Lake Law unless he received operational funding for Lake Law.  Specifically, he sought $400,000 in "rescue funding" from Benito and Melchionni on the false representation that the Lake Law would be getting significant financing within 90 days from Arena Investors LP and American Law Firm Capital LLC.

32.     In reliance on Ed Lake's representation about the forthcoming financing and to protect their investors, in January 2024, Benito and Melchionni each loaned Lake Law $200,000 via a "Short-Term Funding and Security Agreement." Although the loan matured on April 1, 2024,

8

and despite repeated demands for repayment, the loan remains outstanding. Benito now knows that Ed Lake never intended to repay the debt.

33.     As if that was not enough, Ed Lake requested more purported "rescue funding"—again based on the misrepresentation that he was about to secure large long-term financing.

34.     Again, to protect their investors, Benito and Melchionni each loaned Lake Law $850,000 between March 2024 and March 2025. Benito now knows that Ed Lake never had any intention of repaying that debt either. Indeed, he never did so.

35.     Ed Lake's malfeasance carried over into Benito's personal ERC investment as well. In a sleight of hand, Ed Lake used Benito's $1.5 million investment in ERC claims to build an ERC docket for himself and then claim that Benito's money was "merely" a loan.

36.     Indeed, as time went on, it became clear that Ed Lake was effectively running a Ponzi scheme. As he failed to keep adequate reserves for his investment vehicles, he paid prior investors with new investors' funds. He also pledged the same attorneys' fees to multiple parties without their knowledge. The misconduct goes on and on.

37.     Benito now seeks redress for Ed Lake's misconduct.

## V.
### FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT
**(Against Ed Lake & Lake Law)**

38.     Benito repeats and re-alleges every allegation contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

39.     The elements of a cause of action for breach of contract in New York are: (1) a contract exists; (2) plaintiff performed in accordance with the contract; (3) defendant breached its contractual obligations; and (4) defendant's breach resulted in damages.

40.     Here, Benito entered into the "Short-Term Funding and Security Agreement" with

9

Lake Law in or about January 2024; Benito lent Lake Law $200K under that agreement; Lake Law breached its obligations under that agreement by failing to repay the loan by the maturity date; and Benito was damaged as a result of the Lake Law's breach.

## VI.
## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT
### (Against Ed Lake & Lake Law)

41. Benito repeats and re-alleges every allegation contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

42. The elements of a cause of action for breach of contract in New York are: (1) a contract exists; (2) plaintiff performed in accordance with the contract; (3) defendant breached its contractual obligations; and (4) defendant's breach resulted in damages.

43. Here, Benito entered into loan agreements with Lake Law between March 2024 and March 2025; Benito performed her obligation and loaned Lake Law $850,000 under those agreements; Lake Law breached its obligations under those agreements by failing to repay the loans by their maturity dates; and Benito was damaged as a result of the Lake Law's breaches.

## VII.
## THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT
### (Against Ed Lake & Lake Law)

44. Benito repeats and re-alleges every allegation contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

45. The elements of a cause of action for breach of contract in New York are: (1) a contract exists; (2) plaintiff performed in accordance with the contract; (3) defendant breached its contractual obligations; and (4) defendant's breach resulted in damages.

46. Here, Benito entered into a contract with Lake Law in April 2022 to purchase ERC cases; Benito performed her obligation to pay the purchase price of $1.5 million for these cases;

10

Lake Law breached its obligations under that agreement by failing to deliver any ERC cases to Benito; and Benito was damaged as a result of the Lake Law's breach by losing out on an opportunity for a return on her investment.

## VIII.
## FOURTH CAUSE OF ACTION FOR FRAUDULENT INDUCEMENT
### (Against Ed Lake & Lake Law)

47.    Benito repeats and re-alleges every allegation contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

48.    The elements of a cause of action for fraudulent inducement in New York are: (1) a false representation of material fact; (2) known by the utterer to be untrue; (3) made with the intention of inducing reliance and forbearance from further inquiry; (4) that is justifiably relied upon; and (5) results in damages.

49.    Here, Ed Lake misrepresented that he would receive funding for his operations from Arena Investors LP and American Law Firm Capital LLC to induce Benito to loan Lake Law $200K; Benito justifiably relied on these representations and loaned Lake Law $200K; and Benito was damaged when Lake Law failed to repay the loan.

## IX.
## FIFTH CAUSE OF ACTION FOR FRAUDULENT INDUCEMENT
### (Against Ed Lake & Lake Law)

50.    Benito repeats and re-alleges every allegation contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

51.    The elements of a cause of action for fraudulent inducement in New York are: (1) a false representation of material fact; (2) known by the utterer to be untrue; (3) made with the intention of inducing reliance and forbearance from further inquiry; (4) that is justifiably relied upon; and (5) results in damages.

11

52.     Here, Ed Lake misrepresented that he would receive funding for his operations from Arena Investors LP and American Law Firm Capital LLC to induce Benito to loan Lake Law $850K; Benito justifiably relied on these representations and loaned Lake Law $850K in a series of transactions; and Benito was damaged when Lake Law failed to repay the loans.

## X.
## SIXTH CAUSE OF ACTION FOR FRAUDULENT INDUCEMENT
### (Against Ed Lake & Lake Law)

53.     Benito repeats and re-alleges every allegation contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

54.     The elements of a cause of action for fraudulent inducement in New York are: (1) a false representation of material fact; (2) known by the utterer to be untrue; (3) made with the intention of inducing reliance and forbearance from further inquiry; (4) that is justifiably relied upon; and (5) results in damages.

55.     Here, Ed Lake misrepresented in April 2022 that he would provide ERC claims to Benito in exchange for $1.5 million to induce Benito to send him that cash; Benito justifiably relied on Ed Lake's misrepresentation and sent Lake Law $1.5 million; and Benito was damaged when Ed Lake failed to deliver these cases because she lost out on an opportunity for a return on her investment.

## XI.
## SEVENTH CAUSE OF ACTION FOR AN ACCOUNTING
### (Against Ed Lake & Lake Law)

56.     Benito repeats and re-alleges every allegation contained in the foregoing paragraphs of this Complaint as if set forth fully herein.

57.     At all relevant times, a fiduciary and confidential relationship existed between Benito and Defendants.  Defendants solicited and received funds from Benito and the investors

12

Case 8 25-08123-las   Doc 1-1   Filed 12/15/25   Entered 12/15/25 14:46:11

she represented under the pretense that such funds would be used to acquire and manage portfolios of mass torts cases and related litigation assets for the investors' benefit. Defendants also received and controlled Benito's personal investment funds in connection with the ERC venture.

58.     As a result, Defendants owed Benito a duty to act with good faith, to account accurately for all funds received and disbursed, and to maintain transparent records reflecting the use and disposition of investment proceeds, case recoveries, and operational expenditures.

59.     Defendants commingled investor funds, diverted monies to unauthorized purposes, paid existing obligations with new investor capital, and double-pledged participation rights in attorney's fees and recoveries.

60.     Because the relevant financial information lies solely within Defendants' possession and control, Benito lacks an adequate remedy at law to ascertain the true extent of her losses and the disposition of investor assets.

61.     Accordingly, Benito is entitled to a full accounting of all monies and assets received, held, invested, disbursed, pledged, or otherwise managed by Defendants in connection with all the foregoing investments alleged.

## XII.
## PRAYER FOR RELIEF

WHEREFORE, Benito prays for relief against Defendants as follows:

1.     Compensatory and consequential damages in an amount to be proven at trial, but not less than $2.55 million.

2.     A constructive trust, a constructive trust over Ed Lake and Lake Law's assets in the amount of at least $8.55 million.

3.     Equitable relief including the turnover of all collateral in which Plaintiff has a security.

13

4. Disgorgement of any profits on ERC cases that rightfully belong to Benito because of her $1.5 million investment.

5. Exemplary and punitive damages under New York law for fraud. Benito specifically alleges that Ed Lake's actions rise to felony-level misconduct in inducing Benito to send at least $2.55 million to Lake Law under false pretenses.

6. Pre-judgment and post-judgment interest as permitted by law.

7. Attorney's fees and costs as permitted by law.

8. Such other and further relief that the Court deems just and proper.

## XIII.
## JURY DEMAND

Benito demands a trial by jury on all issues so triable.

Dated: October 20, 2025                    Respectfully submitted,
New York, New York

_/s/ William A. Brewer III_
William A. Brewer III
**BREWER, ATTORNEYS & COUNSELORS**
750 Lexington Avenue, 14th Floor
New York, New York 10022
Tel: (212) 489-1400
wab@brewerattorneys.com

**COUNSEL FOR PLAINTIFF SYLVIA BENITO**

Case 8-25-08123-las Doc 1-1 Filed 12/15/25 Entered 12/15/25 14:46:11

# AFFIDAVIT OF SERVICE

**State of New York**          **County of SUFFOLK**          **Supreme Court**

Index Number: 628021/2025
Date Filed: 10/20/2025



GOT2025004402

Plaintiff:
**SYLVIA BENITO,**

vs.

Defendants:
**EDWARD J. LAKE and LAW OFFICE OF EDWARD J. LAKE d/b/a THE LAKE
LAW FIRM,**

For:
BREWER ATTORNEYS & COUNSELORS
750 Lexington Avenue
14th Floor
New York, NY 10022

Received by DLS to be served on **EDWARD J. LAKE, 270 WEST MAIN STREET, SUITE 3, SAYVILLE, NY 11782.**

I, JOHN SAVAGE, being duly sworn, depose and say that on the 24th day of October, 2025 at 12:42 pm, I:

served a **PERSON OF SUITABLE AGE AND DISCRETION** by delivering and leaving a true copy of the **SUMMONS & COMPLAINT WITH INDEX NUMBER AND DATE FILED AND NOTICE OF ELECTRONIC FILING** with **NORMA FUENTES, OFFICE MANAGER/CO-WORKER** at **270 WEST MAIN STREET, SUITE 3, SAYVILLE, NY 11782,** the said premises being the defendant's place of **Work** within the State of New York. Deponent completed service by mailing a true copy of the **SUMMONS & COMPLAINT WITH INDEX NUMBER AND DATE FILED AND NOTICE OF ELECTRONIC FILING** in a postpaid envelope addressed to the defendant/respondent: **EDWARD J. LAKE 270 WEST MAIN STREET, SUITE 3, SAYVILLE, NY 11782** and bearing the words "Personal & Confidential" by First Class Mail on **10/27/2025** and placed in an official depository of the U.S.P.S. in the State of New York.

**Military Status:** AT THE TIME OF SERVICE , DEPONENT ASKED WHETHER THE DEFENDANT/RECIPIENT IS IN ACTIVE MILITARY SERVICE FOR THE UNITED STATES OF AMERICA OR FOR ANY STATE IN THE UNITED STATES IN ANY CAPACITY WHATEVER OR DEPENDENT UPON A PERSON IN ACTIVE MILITARY SERVICE AND RECEIVED A NEGATIVE REPLY.

**Description of** Person Served: Age: 40, Sex: F, Race/Skin Color: WHITE, Height: 5'4", Weight: 175, Hair: BLACK, Glasses: N

I am over the age of eighteen, have no interest in the above action and have the authority to serve process pursuant to CPLR 2103.

County of Suffolk State of New York:
Subscribed and Sworn to before me on the 27th day of
October, 2025 by the affiant who is personally known to
me.

_____
NOTARY PUBLIC

SETH KORIN
Notary Public, State of New York
No. 01KO6183000, Suffolk County
Commission Expires March 10, 2028

**JOHN SAVAGE**
Process Server

DLS
P.O. Box 2083
New York, NY 10013
(800) 443-1058

Our Job Serial Number: GOT-2025004402
Ref: 311594

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

FILED: SUFFOLK COUNTY CLERK 10/27/2025 03:25 PM INDEX NO. 628021/2025
NYSCEF DOC. NO. 3                                                    RECEIVED NYSCEF: 10/27/2025

Case 8:25-08123-las    Doc 1-1    Filed 12/15/25    Entered 12/15/25 14:46:11

## AFFIDAVIT OF SERVICE

State of New York                    County of SUFFOLK                    Supreme Court

Index Number: 628021/2025
Date Filed: 10/20/2025

Plaintiff:
**SYLVIA BENITO,**

vs.

Defendants:
**EDWARD J. LAKE and LAW OFFICE OF EDWARD J. LAKE d/b/a THE LAKE
LAW FIRM,**

For:
BREWER ATTORNEYS & COUNSELORS
750 Lexington Avenue
14th Floor
New York, NY 10022

GOT2025004403

Received by DLS to be served on **LAW OFFICE OF EDWARD J. LAKE d/b/a THE LAKE LAW FIRM, 270 WEST MAIN STREET, SUITE 3, SAYVILLE, NY 11782.**

I, JOHN SAVAGE, being duly sworn, depose and say that on the **24th day of October, 2025 at 12:42 pm, I:**

Served the above entity by delivering a true copy of the **SUMMONS & COMPLAINT WITH INDEX NUMBER AND DATE FILED AND NOTICE OF ELECTRONIC FILING** to: NORMA FUENTES as OFFICE MANAGER at the address of: 270 WEST MAIN STREET, SUITE 3, SAYVILLE, NY 11782, who stated they are authorized to accept service for **LAW OFFICE OF EDWARD J. LAKE**

Description of Person Served: Age: 40, Sex: F, Race/Skin Color: WHITE, Height: 5'4", Weight: 175, Hair: BLACK, Glasses: N

I am over the age of eighteen, have no interest in the above action and have the authority to serve process pursuant to CPLR 2103.

County of Suffolk State of New York:
Subscribed and Sworn to before me on the 27th day of
October, 2025 by the affiant who is personally known to
me.

**NOTARY PUBLIC**

SETH KORIN
Notary Public, State of New York
No. 01KO6183000, Suffolk County
Commission Expires March 10, 2028

**JOHN SAVAGE**
Process Server

DLS
P.O. Box 2083
New York, NY 10013
(800) 443-1058

Our Job Serial Number: GOT-2025004403
Ref: 311594

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

2 of 2

Case 8-25-08123-las Doc 1-1 Filed 12/15/25 Entered 12/15/25 14:46:11

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

---

SYLVIA BENITO,

       *Plaintiff,*

    v.

EDWARD J. LAKE and LAW OFFICE OF
EDWARD J. LAKE d/b/a THE LAKE LAW
FIRM,

       *Defendants.*

---

Index No.: 628021/2025

**NOTICE OF APPEARANCE OF**
**CO-COUNSEL**

    **PLEASE TAKE NOTICE** that STEVEN E. LOSQUADRO, of Steven E. Losquadro, P.C., 649 Route 25A, Suite 4, Rocky Point, New York 11778, hereby appears in this case as co-counsel for Plaintiff, SYLVIA BENITO. Counsel respectfully requests that all notices given or required to be given in this case by the Court and/or any other parties in interest in this case be served upon counsel at the address and telephone number set forth below:

Steven E. Losquadro
losquadrolaw@aol.com
(631) 744-9070
649 Route 25A, Suite 5
Rock Point, New York 11778

October 30, 2025
New York, New York

Respectfully submitted,

*/s/ Steven Losquadro*
Steven E. Losquadro
**STEVEN E. LOSQUADRO, P.C.**
649 Route 25A, Suite 5
Rock Point, New York 11778
Telephone: (631) 744-9070
losquadrolaw@aol.com

1

*-and-*

William A. Brewer III
**Brewer, Attorneys & Counselors**
750 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone: (212) 489-1400
Facsimile: (212) 751-2849
wab@brewerattorneys.com

**COUNSEL FOR PLAINTIFF SYLVIA BENITO**

Case 8-25-08123-las Doc 1-1 Filed 12/15/25 Entered 12/15/25 14:46:11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically

served via the Court's electronic case filing system on this 30th day of October 2025.


/s/ *Steven E. Losquadro*
Steven E. Losquadro

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

BLAKEMORE INVESTMENTS LLC,

                            Plaintiff,

     -against-                      Index No. 629003/2025

LAW OFFICES OF EDWARD J. LAKE, P.C. d/b/a THE LAKE
LAW FIRM and EDWARD J. LAKE,

                            Defendants,

---

RICK SOLIT; LRS LAW GROUP, LLP; and ERC PARTNERS,

LLC,

                            Plaintiff,

     -against-                      Index No. 628419/2025

EDWARD J. LAKE and LAW OFFICE OF EDWARD J. LAKE
d/b/a THE LAKE LAW FIRM

                            Defendants,

---

SYLVIA BENITO,

                            Plaintiff,

     -against-                      Index No. 628021/2025

EDWARD J. LAKE and LAW OFFICE OF EDWARD J.
LAKE d/b/a THE LAKE LAW FIRM,

                            Defendants,

**NOTICE OF APPEARANCE**

**To the Clerk of the Court and All Parties of Record:**

PLEASE TAKE NOTICE that the undersigned attorney hereby appears as counsel for The Law Office of Edward J. Lake d/b/a The Lake Law Firm and Edward J. Lake in the above-captioned matter.

All pleadings, notices, orders, correspondence, and other papers in connection with this action should be served upon the undersigned at the address set forth below.

Dated: November 3, 2025

Respectfully submitted,

November 3, 2025

**LAKE LEGAL, LLC**
270 West Main Street, Suite 3
Sayville, NY 11782
Phone: 888-525-3529
Fax: 917-893-4392
Email: edlakelaw@yahoo.com
Attorney for Law Office of Edward
J. Lake d/b/a The Lake Law Firm
and Edward J. Lake

By: _____

Edward J. Lake, Esquire
Reg. No.: 2522555

INDEX NO. 628021/2025

NYSCEF DOC. NO. 11                                                    RECEIVED NYSCEF: 11/05/2025

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF SUFFOLK

BLAKEMORE INVESTMENTS LLC,

                Plaintiff,

    -against-                            Index No. 629003/2025

LAW OFFICES OF EDWARD J. LAKE, P.C. d/b/a THE LAKE

LAW FIRM and EDWARD J. LAKE,

                Defendants,

---

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF SUFFOLK

RICK SOLIT; LRS LAW GROUP, LLP; and ERC PARTNERS,

LLC,

                Plaintiff,

    -against-                            Index No. 628419/2025

EDWARD J. LAKE and LAW OFFICE OF EDWARD J. LAKE

d/b/a THE LAKE LAW FIRM

                Defendants,

---

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF SUFFOLK

SYLVIA BENITO,

                Plaintiff,

    -against-                            Index No. 628021/2025

EDWARD J. LAKE and LAW OFFICE OF EDWARD J.

LAKE d/b/a THE LAKE LAW FIRM,

                Defendants,

Page 1 of 3

## MOTION FOR ADMISSION PRO HAC VICE

COMES NOW, Matthew Gelber, by and through the undersigned counsel, pursuant to NY CLS Rules Sup Ct § 602.2, and hereby respectfully moves this Court for an Order granting admission pro hac vice to practice before this Court in the above-captioned matter. NY CLS Rules Sup Ct § 602.2.

In support of this Motion, the undersigned states as follows:

1. I am an attorney licensed and in good standing in the State of Florida.

2. I am not admitted to practice law in the State of New York.

3. I seek admission pro hac vice to appear and participate in the above-captioned matter pending before this Court.

4. I am a member in good standing of the Bar of Florida and have been admitted to practice law in that jurisdiction since April 16, 2015.

5. I have never been disbarred or suspended from practice before any court, department, bureau, or commission of any State or the United States. I have never received any reprimand from any court, department, bureau, or commission pertaining to conduct or fitness as a member of the bar.

6. I am familiar with the New York Rules of Professional Conduct, the New York Judiciary Law, and all other rules and procedures applicable to the conduct of attorneys in the State of New York.

7. I understand that I shall be subject to the disciplinary authority of the State of New York while appearing pro hac vice in this matter. NY CLS Rules Prof Conduct R 8.5.

8. Pursuant to NY CLS Rules Ct App § 520.11, an attorney who is a member in good standing of the bar of another state may be admitted pro hac vice in the discretion of any court of record to participate in any matter in which the attorney is employed. NY CLS Rules Ct App § 520.11.

9. I am associated in this matter with Edward J. Lake, Esq., an attorney who is a member in good standing of the New York State Bar and who maintains an office within the State of New York.

10. I respectfully submit that the reasons for proscribing legal practice by those other than New York attorneys are absent in this case, and therefore this motion for admission pro hac vice should be granted. NY CLS Rules Sup Ct § 602.2.

WHEREFORE, Matthew Gelber respectfully requests that this Court enter an Order granting admission pro hac vice for the purpose of appearing and participating as counsel in this case on behalf of The Lake Law Firm and Edward J. Lake.

Respectfully submitted,

November 3, 2025

INDEX NO. 628021/2025

NYSCEF DOC. NO. 11

RECEIVED NYSCEF: 11/05/2025

By:_____

Edward J. Lake, Esquire

Reg. No.: 2522555

**LAKE LEGAL, LLC**

270 West Main Street, Suite 3

Sayville, NY 11782

Phone: 888-525-3529

Fax: 917-893-4392

Email: edlakelaw@yahoo.com

Attorney for Law Office of Edward

J. Lake d/b/a The Lake Law Firm

and Edward J. Lake


By: _____

Matt Gelber, Esq.

Florida Bar No. 115465

**Gelber Law Group, P.A.**

2385 NW Executive Center Dr., Suite 100

Boca Raton, FL 33431

O: (954) 320-0100 ext. 1

D: (954) 320-0200

C: (954) 494-7381

matt@gelberlawgroup.com

www.gelberlawgroup.com

Attorney for The Lake Law Firm

and Edward J. Lake

*(Pending Pro Hac Vice Admission)*

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF SUFFOLK

BLAKEMORE INVESTMENTS LLC,

     Plaintiff,

  -against-          Index No. 629003/2025

LAW OFFICES OF EDWARD J. LAKE, P.C. d/b/a THE LAKE

LAW FIRM and EDWARD J. LAKE,

     Defendants,

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF SUFFOLK

RICK SOLIT; LRS LAW GROUP, LLP; and ERC PARTNERS,

LLC,

     Plaintiff,

  -against-          Index No. 628419/2025

EDWARD J. LAKE and LAW OFFICE OF EDWARD J. LAKE

d/b/a THE LAKE LAW FIRM

     Defendants,

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF SUFFOLK

SYLVIA BENITO,

     Plaintiff,

  -against-          Index No. 628021/2025

EDWARD J. LAKE and LAW OFFICE OF EDWARD J.

LAKE d/b/a THE LAKE LAW FIRM,

     Defendants,

**MOTION FOR ADMISSION PRO HAC VICE**

COMES NOW, Matthew Gelber, by and through the undersigned counsel, pursuant to NY CLS Rules Sup Ct § 602.2, and hereby respectfully moves this Court for an Order granting admission pro hac vice to practice before this Court in the above-captioned matter. NY CLS Rules Sup Ct § 602.2.

In support of this Motion, the undersigned states as follows:

1. I am an attorney licensed and in good standing in the State of Florida.

2. I am not admitted to practice law in the State of New York.

3. I seek admission pro hac vice to appear and participate in the above-captioned matter pending before this Court.

4. I am a member in good standing of the Bar of Florida and have been admitted to practice law in that jurisdiction since April 16, 2015.

5. I have never been disbarred or suspended from practice before any court, department, bureau, or commission of any State or the United States. I have never received any reprimand from any court, department, bureau, or commission pertaining to conduct or fitness as a member of the bar.

6. I am familiar with the New York Rules of Professional Conduct, the New York Judiciary Law, and all other rules and procedures applicable to the conduct of attorneys in the State of New York.

7. I understand that I shall be subject to the disciplinary authority of the State of New York while appearing pro hac vice in this matter. NY CLS Rules Prof Conduct R 8.5.

8. Pursuant to NY CLS Rules Ct App § 520.11, an attorney who is a member in good standing of the bar of another state may be admitted pro hac vice in the discretion of any court of record to participate in any matter in which the attorney is employed. NY CLS Rules Ct App § 520.11.

9. I am associated in this matter with Edward J. Lake, Esq., an attorney who is a member in good standing of the New York State Bar and who maintains an office within the State of New York.

10. I respectfully submit that the reasons for proscribing legal practice by those other than New York attorneys are absent in this case, and therefore this motion for admission pro hac vice should be granted. NY CLS Rules Sup Ct § 602.2.

WHEREFORE, Matthew Gelber respectfully requests that this Court enter an Order granting admission pro hac vice for the purpose of appearing and participating as counsel in this case on behalf of The Lake Law Firm and Edward J. Lake.

Respectfully submitted,

November 3, 2025

By:_____

Edward J. Lake, Esquire

Reg. No.: 2522555

**LAKE LEGAL, LLC**

270 West Main Street, Suite 3

Sayville, NY 11782

Phone: 888-525-3529

Fax: 917-893-4392

Email: edlakelaw@yahoo.com

Attorney for Law Office of Edward

J. Lake d/b/a The Lake Law Firm

and Edward J. Lake

By: _____

Matt Gelber, Esq.

Florida Bar No. 115465

**Gelber Law Group, P.A.**

2385 NW Executive Center Dr., Suite 100

Boca Raton, FL 33431

O: (954) 320-0100 ext. 1

D: (954) 320-0200

C: (954) 494-7381

matt@gelberlawgroup.com

www.gelberlawgroup.com

Attorney for The Lake Law Firm

and Edward J. Lake

*(Pending Pro Hac Vice Admission)*

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF SUFFOLK

| | |
|---|---|
| BLAKEMORE INVESTMENTS LLC, | |
| Plaintiff, | |
| -against- | Index No. 629003/2025 |
| LAW OFFICES OF EDWARD J. LAKE, P.C. d/b/a THE LAKE LAW FIRM and EDWARD J. LAKE, | |
| Defendants, | |

| | |
|---|---|
| RICK SOLIT; LRS LAW GROUP, LLP; and ERC PARTNERS, LLC, | |
| Plaintiff, | |
| -against- | Index No. 628419/2025 |
| EDWARD J. LAKE and LAW OFFICE OF EDWARD J. LAKE d/b/a THE LAKE LAW FIRM | |
| Defendants, | |

| | |
|---|---|
| SYLVIA BENITO, | |
| Plaintiff, | |
| -against- | Index No. 628021/2025 |
| EDWARD J. LAKE and LAW OFFICE OF EDWARD J. LAKE d/b/a THE LAKE LAW FIRM, | |
| Defendants, | |

Case 8-25-08123-las    Doc 1-1    Filed 12/15/25    Entered 12/15/25 14:46:11

## AFFIDAVIT OF EDWARD J. LAKE IN SUPPORT OF MOTION FOR ADMISSION PRO HAC VICE OF MATTHEW GELBER

I, Edward J. Lake, an attorney duly licensed to practice law in the State of New York, hereby affirm the following to be true under penalties of perjury:

1.  I am the attorney and owner of the law firm Edward Lake, Esq., attorney of record for The Lake Law Firm and Edward J. Lake.  I am a member in good standing of the bar of the State of New York.

2.  I make this affidavit in support of Matthew Gelber's motion for an Order pursuant to 22 NYCRR § 520.11(a)(1) granting the admission pro hac vice of Matthew Gelber, permitting him to appear on behalf of The Lake Law Firm and Edward J. Lake before the Supreme Court of the State of New York, County of Suffolk, for all purposes in this pending litigation, including all motions and discovery, oral argument, and the trial or hearing of this matter.

3.  Matthew Gelber is attorney and owner of the law firm of Gelber Law Group, P.A., 2385 NW Executive Center Dr., Suite 100, Boca Raton, FL 33431.

4.  Attached hereto as Exhibit A is a Certificate of Good Standing from the State of Florida, dated within 30 days of the filing of this motion, attesting to Matthew Gelber's good standing in that jurisdiction.

5.  During his participation and representation in this matter, Matthew Gelber will be associated with me as attorney of record for The Lake Law Firm and Edward J. Lake.

6.  Matthew Gelber has affirmed that he is familiar with and shall comply with the standards of professional conduct imposed upon attorneys admitted to practice in New York, including the New York Rules of Professional Conduct, the rules of this Court, and all other applicable rules governing attorney conduct in the State of New York.

7.  Matthew Gelber has further affirmed that he understands that he will be subject to the jurisdiction of the courts of the State of New York with respect to any acts occurring during his participation and representation in this matter.

8.  Matthew Gelber is well-qualified to represent The Lake Law Firm and Edward J. Lake in this matter and has significant knowledge of the facts and circumstances underlying the disputes in this action. He has advised The Lake Law Firm and Edward J. Lake on various issues related to this litigation and his participation will serve the interests of justice and efficiency.

9. Accordingly, it is respectfully requested that this Court grant the motion for admission pro hac vice of Matthew Gelber and permit him to appear on behalf of The Lake Law Firm and Edward J. Lake in this action.

WHEREFORE, it is respectfully requested that this Court grant the within motion for pro hac vice admission of Matthew Gelberg and permit him appear on behalf of The Lake Law Firm and Edward J. Lake before the Supreme Court of the State of New York, County of Suffolk for all purposes in this pending litigation.

By:_____

Edward J. Lake, Esquire
Reg. No.: 2522555
**LAKE LEGAL LLC**
270 West Main Street, Suite 3
Sayville, NY 11782
Phone: 888-525-3529
Fax: 917-893-4392
Email: edlakelaw@yahoo.com
Attorney for Law Office of
Edward
J. Lake d/b/a The Lake Law
Firm and Edward J. Lake

SWORN AND SUBSCRIBED before me on this ___3rd___ of ___November___ 2025.

_____
Notary Public

My commission expires on ___05/11/2026___

MICHELLE NOWLIN
My Notary ID # 131563663
Expires May 11, 2026

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF SUFFOLK

BLAKEMORE INVESTMENTS LLC,

                Plaintiff,

  -against-                       Index No. 629003/2025

LAW OFFICES OF EDWARD J. LAKE, P.C. d/b/a THE LAKE

LAW FIRM and EDWARD J. LAKE,

                Defendants,

RICK SOLIT; LRS LAW GROUP, LLP; and ERC PARTNERS,

LLC,

                Plaintiff,

   -against-                    Index No. 628419/2025

EDWARD J. LAKE and LAW OFFICE OF EDWARD J. LAKE

d/b/a THE LAKE LAW FIRM

                Defendants,

SYLVIA BENITO,

                Plaintiff,

   -against-                    Index No. 628021/2025

EDWARD J. LAKE and LAW OFFICE OF EDWARD J.

LAKE d/b/a THE LAKE LAW FIRM,

                Defendants,

**[PROPOSED] ORDER GRANTING MOTION FOR ADMISSION PRO HAC VICE**

Upon the motion of Edward J. Lake, attorney of record for Law Office of Edward J. Lake d/b/a The Lake Law Firm and Edward J. Lake, and upon the supporting affirmation of Edward J. Lake dated November 3, 2025, together with the exhibits annexed thereto, and it appearing that Matthew Gelber is a member in good standing of the bar of the State of Florida, and that Matthew Gelber is associated Edward J. Lake, a member in good standing of the New York State Bar, and that Matthew Gelber has agreed to be bound by the New York Rules of Professional Conduct and the rules of this Court, and to be subject to the jurisdiction of the courts of the State of New York with respect to any acts occurring during [his/her/their] participation in this matter, and for good cause shown:

IT IS HEREBY ORDERED that the motion for admission pro hac vice of Matthew Gelber is GRANTED; and it is further

ORDERED that Matthew Gelber is permitted to appear and participate in this action on behalf of Law Office of Edward J. Lake d/b/a The Lake Law Firm and Edward J. Lake, as counsel of record; and it is further

ORDERED that Matthew Gelber shall at all times be associated with Edward J. Lake, who is the attorney of record in this matter, and that Edward J. Lake shall sign all pleadings, motions, briefs, and other papers filed or submitted to the Court, and shall be present at all proceedings unless otherwise permitted by the Court; and it is further

ORDERED that Matthew Gelber shall comply with the standards of professional conduct imposed upon members of the New York State Bar, including the New York Rules of Professional Conduct, and shall be subject to the jurisdiction of the courts of the State of New York with respect to any acts occurring during his participation in this matter.

Dated:

_____
Hon. David T. Reilly
Justice of the Supreme Court

Case 8-25-08123-las   Doc 1-1   Filed 12/15/25   Entered 12/15/25 14:46:11

11/3/25, 3:47 PM                    Florida Bar Member Profile

# MEMBER PROFILE

# Matthew R. Gelber

Member in Good Standing

Eligible to Practice Law in Florida



**Bar Number:**

115465

**Mail Address:**

Gelber Law Group, P.A.
2385 NW Executive Center Dr Ste 100
Boca Raton, FL 33431-8510

Office: **954-320-0100**

Fax: 754-217-5960

**Email:**

matt@gelberlawgroup.com

**Personal Bar URL:**

https://www.floridabar.org/mybarprofile/115465

**vCard:**

**County:**

Palm Beach

**Circuit:**

15

**Admitted:**

04/16/2015

**10-Year Discipline History:**

None

**Law School:**

Nova Southeastern University - Shepard Broad College of Law, 2014

**Sections:**

Trial Lawyers

**Practice Areas:**

Insurance

Personal Injury

**Languages:**

English

**Federal Courts:**

U.S. District Court, Middle District of Florida

U.S. District Court, Southern District of Florida

**State Courts:**

District Of Columbia

Florida

**Firm:**

Gelber Law Group, P.A.

**Firm Size:**

2-5

Case 8-25-08123-las Doc 1-1 Filed 12/15/25 Entered 12/15/25 14:46:11

**Firm Position:**

Managing Partner

**Firm Website:**

https://www.gelberlawgroup.com

The Find a Lawyer directory is provided as a public service. The Florida Bar maintains limited basic information about lawyers licensed to practice in the state (e.g., name, address, year of birth, gender, law schools attended, admission year). However, The Florida Bar allows individual attorneys the opportunity to add personal and professional information to the directory. The lawyer is solely responsible for reviewing and updating any additional information in the directory. The lawyer's added information is not reviewed by The Bar for accuracy and The Bar makes no warranty of any kind, express or implied. The Florida Bar, its Board of Governors, employees, and agents are not responsible for the accuracy of that additional information. Publication of lawyers' contact information in this listing does not mean the lawyers have agreed to receive unsolicited communications in any form. Unauthorized use of this data may result in civil or criminal penalties. The Find a Lawyer directory is not a lawyer referral service.

NYSCEF DOC. NO. 15

RECEIVED NYSCEF: 11/05/2025

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 12/16/2024)

Supreme COURT, COUNTY OF Suffolk

Index No: _____628021/2025_____    Date Index Issued: ___10/21/2025___

| | **For Court Use Only:** |
|---|---|
| | **IAS Entry Date** |
| | |
| | **Judge Assigned** |
| | |
| | **RJI Filed Date** |
| | |

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

Sylvia Benito

Plaintiff(s)/Petitioner(s)

-against-

Edward J. Lake, Law Office of Edward J. Lake d/b/a The Lake Law Firm

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:**    Check only one box and specify where indicated.

**COMMERCIAL**
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☒ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial (specify): _____

**NOTE:** For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.

**TORTS**
- ☐ Asbestos
- ☐ Environmental (specify): _____
- ☐ Medical, Dental or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability (specify): _____
- ☐ Other Negligence (specify): _____
- ☐ Other Professional Malpractice (specify): _____
- ☐ Other Tort (specify): _____

**MATRIMONIAL**
- ☐ Contested
    **NOTE:** If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum (UCS-840M)**.
    For Uncontested Matrimonial actions, use the Uncontested Divorce RJI **(UD-13)**.

**REAL PROPERTY**    Specify how many properties the application includes: _____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify): ☐ Residential    ☐ Commercial
    Property Address: _____
    **NOTE:** For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.
- ☐ Partition
    **NOTE:** Complete and attach the **PARTITION RJI ADDENDUM (UCS-840P)**.
- ☐ Tax Certiorari (specify): Section: _____ Block: _____ Lot: _____
- ☐ Tax Foreclosure
- ☐ Other Real Property (specify): _____

**SPECIAL PROCEEDINGS**
- ☐ Child-Parent Security Act (specify): ☐ Assisted Reproduction ☐ Surrogacy Agreement
- ☐ CPLR Article 75 - Arbitration    [see **NOTE** in **COMMERCIAL** section]
- ☐ CPLR Article 78 - Proceeding against a Body or Officer
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 - Kendra's Law
- ☐ MHL Article 10 - Sex Offender Confinement (specify): ☐ Initial ☐ Review
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene (specify): _____
- ☐ Other Special Proceeding (specify): _____

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution    [see **NOTE** in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change/Sex Designation Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other (specify): _____

**STATUS OF ACTION OR PROCEEDING**    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☐ | ☒ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | ☐ | ☒ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**    Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ☒ Notice of Motion    Relief Requested: Attorney - Assign _____    Return Date: __11/07/2025__
- ☐ Notice of Petition    Relief Requested: _____    Return Date: _____
- ☐ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ☐ Other Ex Parte Application    Relief Requested: _____
- ☐ Partition Settlement Conference
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Waiver of Court Costs, Fees and Expenses
- ☐ Writ of Habeas Corpus
- ☐ Other (specify): _____

NYSCEF DOC. NO. 15                                                                           RECEIVED NYSCEF: 11/05/2025

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties** <br> List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants** <br> For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined** <br> For each defendant, indicate if issue has been joined. | **Insurance Carriers** <br> For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: Benito, Sylvia <br><br> Role(s): Plaintiff/Petitioner | STEVEN LOSQUADRO, 649 Route 25A Suite 4, Rocky Point, NY 11778, losquadrolaw@aol.com | ☐ YES ☒ NO | |
| ☐ | Name: Lake, Edward J. <br><br> Role(s): Defendant/Respondent | EDWARD LAKE, EDWARD LAKE ESQ, 270 W MAIN ST , SAYVILLE, NY 11782-2554, (631) 543-5400, akamins@thelakelawfirm.com | ☐ YES ☒ NO | |
| ☐ | Name: Law Office of Edward J. Lake <br><br> Role(s): Defendant/Respondent | EDWARD LAKE, EDWARD LAKE ESQ, 270 W MAIN ST , SAYVILLE, NY 11782-2554, (631) 543-5400, akamins@thelakelawfirm.com | ☐ YES ☒ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated:    11/05/2025                                                                    EDWARD JOEL LAKE
                                                                                                    Signature

                        2522555                                                          EDWARD JOEL LAKE
            Attorney Registration Number                                            Print Name

*This form was generated by NYSCEF*

Case 8-25-08123-las   Doc 1-1   Filed 12/15/25   Entered 12/15/25 14:46:11

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF SUFFOLK

---

SYLVIA BENITO,

                    Plaintiff,

        -against-                                    Index No. 628021/2025

EDWARD J. LAKE and LAW OFFICE OF EDWARD J.

LAKE d/b/a THE LAKE LAW FIRM,

                    Defendants,

---

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants EDWARD J. LAKE and LAW OFFICE OF EDWARD J. LAKE d/b/a THE LAKE LAW FIRM, by and through the undersigned counsel, do hereby generally deny each and every allegation contained in the Complaint, except as specifically admitted herein.

AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses:

1.      This action is barred by a prior arbitration and award.

2.      This action is barred by the doctrine of waiver. Plaintiff has waived any alleged right to enforce the contract by her own conduct, including knowingly accepting performance inconsistence with the alleged terms without objection.

3.      Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff engaged in wrongful or bad faith conduct related to the subject matter of this action. Plaintiff's culpable conduct bars or diminishes any recovery sought herein.

Page 1 of 4

1 of 4

4. Plaintiff's claims are barred by fraud/misrepresentation because any alleged agreement was procured by Plaintiff's misrepresentations or fraudulent inducement, rendering the contract void or voidable.

5. This action is barred by the doctrine of prior material breach. Plaintiff's own material breach of the alleged contract excused any further performance by Defendants.

6. Performance of any alleged obligation is excused by impossibility or impracticability by circumstances not foreseeable and not caused by Defendants, including events beyond their control.

7. This action is barred by the doctrine of consent/ratification, as Plaintiff consented to or ratified Defendants' conduct that is now claims constituted a breach, thereby waiving any right to object or recover damages.

8. This action is barred by the doctrine of illegality under applicable New York statutory and common law, as certain contractual provisions violate New York law and are unenforceable.

9. This action is barred by the doctrine of res judicata, as Plaintiff's claims could have been litigated and resolved in a prior action between the same parties and involved the same occurrence.

10. This action is barred by the doctrine of unconscionability, as the alleged agreement is unconscionable and unenforceable.

11. This action is barred by the doctrines excuse and/or justification, as any alleged agreement is excused by frustration of purpose.

12. Plaintiff is estopped from asserting the claims set forth in the Complaint, as Defendant reasonably relied, to his detriment, on Plaintiff's prior statements, actions, or omissions that are inconsistent with Plaintiff's current position.

13. Any alleged agreement or obligation was entered into under duress, coercions, or wrongful threats, and is therefore void or voidable.

RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer to assert additional defenses as may become available through discovery or otherwise. Defendant further reserves the right to move for dismissal of one or more claims on any grounds available under CPLR 3211.

PRAYER FOR RELIEF

WHEREFORE, defendant respectfully requests that this Court:

a. Dismiss the Complaint in its entirety with prejudice;

b. Award defendant costs and attorneys' fees; and

c. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

November ,7 2025

By: _____

Edward J. Lake, Esquire
Reg. No.: 2522555
**EDWARD LAKE, ESQ.**
270 West Main Street, Suite 3
Sayville, NY 11782
Phone: 888-525-3529
Fax: 917-893-4392
Email: info@lakelawfirm.com
Email: edlakelaw@yahoo.com

Attorney for Law Offices of Edward J. Lake
d/b/a The Lake Law Firm
and Edward J. Lake

By: *Matt Gelber*
Matt Gelber, Esq.
Florida Bar No. 115465
**Gelber Law Group, P.A.**
2385 NW Executive Center Dr., Suite 100
Boca Raton, FL 33431
O: (954) 320-0100 ext. 1
D: (954) 320-0200
C: (954) 494-7381
matt@gelberlawgroup.com
www.gelberlawgroup.com
Attorney for Law Offices of Edward J. Lake
d/b/a The Lake Law Firm
and Edward J. Lake
*(Pending Pro Hac Vice Admission)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via New York Courts e-filing Portal on this November 7, 2025.

*Edward J. Lake*
Edward J. Lake, Esquire
Attorney for Law Offices of Edward J. Lake
d/b/a The Lake Law Firm
and Edward J. Lake

Page 4 of 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

SYLVIA BENITO,

     Plaintiff,

         v.

EDWARD J. LAKE and LAW OFFICE OF EDWARD J.
LAKE d/b/a THE LAKE LAW FIRM,

     Defendants.

---

**Index No. 628021/2025**

## SUGGESTION OF BANKRUPTCY

Plaintiff Sylvia Benito hereby notifies the Court that on November 26, 2025, four creditors filed an involuntary bankruptcy petition against Defendant Law Office of Edward J. Lake d/b/a The Lake Law Firm in the United States Bankruptcy Court for the Eastern District of New York pursuant to 11 U.S.C. § 303. The action is styled: *In re Law Offices of Edward J. Lake, P.C.*, No. 8-25-74584 (Bankr. E.D.N.Y.) (related case: *In re Lake Law Firm, LLC*, No. 8-25-74585 (Bankr. E.D.N.Y.)). Accordingly, the automatic stay under 11 U.S.C. § 362 applies here.

Dated: November 28, 2025
     New York, New York

Case 8-25-08123-las   Doc 1-1   Filed 12/15/25   Entered 12/15/25 14:46:11

Respectfully submitted,

*/s/ Nafiz Cekirge*____
William A. Brewer III
Nafiz Cekirge
**BREWER, ATTORNEYS & COUNSELORS**
750 Lexington Avenue, 14th Floor
New York, New York 10022
Tel: (212) 489-1400
wab@brewerattorneys.com
nnc@brewerattorneys.com

*Counsel for Plaintiff Sylvia Benito*

2